**Duley E. LYONS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9618.**

Court of Appeals of Alaska.

May 2, 2008.

Paul E. Malin, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

**1.** AS 11.61.200(a)(1).

## OPINION

STEWART, Judge.

The police arrested Duley E. Lyons for assault shortly after he threatened his ex-wife and drove to an Eagle River apartment complex where she was present. One of the police officers searched Lyons's vehicle and seized a handgun found in the glove box. Because Lyons was a convicted felon, the State charged him with misconduct involving weapons in the third degree for being a felon in possession of a firearm capable of being concealed on one's person.[1]

Lyons moved to suppress the handgun, arguing that the search that led to the discovery of the handgun was illegal. Superior Court Judge Philip R. Volland denied the motion. We uphold the superior court. We conclude that the police were authorized to search the glove box because they were entitled to search Lyons's vehicle incident to his arrest and because the vehicle's glove box was immediately associated with Lyons's person.

### Background facts and proceedings

On August 23, 2003, Jolena Porrata, Lyons's ex-wife, called the police to report that she was afraid because Lyons had threatened her by saying, "I got you and your husband." Porrata told the police that Lyons had recently been released from prison, that in the preceding two weeks things had been "rocky" between the two of them, and that Lyons had recently assaulted her. Porrata told the police that Lyons might be armed because, after Lyons threatened her, she went to a storage area that she shared with Lyons to see if his handgun was still stored there in his suitcase and discovered that the handgun was gone. Lyons appeared at the storage facility and Porrata ran to her sister's apartment to call the police.

While the police were interviewing Porrata at the apartment, Lyons telephoned and said he was coming over. The police stationed themselves outside the apartment and watched Lyons drive into the parking lot of the apartment complex. The police contact-

ed Lyons, told him to get out of his vehicle, and based on his threat against Porrata, arrested him for assault. One officer searched the vehicle and found a handgun in the glove box. The discovery of the handgun led to Lyons's indictment for weapons misconduct.

Lyons moved to suppress the handgun, arguing that it was seized unlawfully. Following an evidentiary hearing, Judge Volland denied the motion.

### Discussion

In the superior court, Lyons argued that the search of his vehicle was not justified for two reasons. First, he argued the search exceeded the scope of a search incident to arrest because he was already outside the vehicle and had closed and purportedly locked the car doors when he was arrested. (The superior court did not enter findings on Lyons's assertion that he locked the vehicle.) Second, Lyons argued that the police had no reason to believe his glove box contained a weapon or evidence of the assault.

The State opposed the motion, arguing that under this court's holding in *Wilburn v. State*,[2] the search of Lyons's vehicle was justified even if Lyons was outside the vehicle at the time of his arrest. In addition, the State argued that the police had reason to believe that Lyons possessed a weapon based on Porrata's report.

■ In this appeal, Lyons renews his claim that the vehicle search was invalid because he was arrested outside of his vehicle and because, by purportedly locking the door, he manifested a reasonable expectation of privacy in his vehicle. Lyons argues that, even if the police were justified in searching his vehicle, they were not authorized to look inside his glove box. He also argues that

one officer's knowledge that Lyon might be armed could not be imputed to the officer who searched the vehicle.

Normally, the police may search a person incident to an arrest without a warrant. The scope of a warrantless search incident to arrest is limited to "a search of the arrestee's person and the area 'within his immediate control.' "[3] The area within an arrestee's immediate control includes those items or areas "immediately associated" with the arrestee.[4]

In *Crawford v. State*,[5] the Alaska Supreme Court upheld the search of a vehicle's unlocked center console incident to the arrest of the driver.[6] The court held that the search was authorized because an unlocked center console is an item reasonably associated with the driver's person and because the search was reasonably contemporaneous with the driver's arrest.[7]

The court observed that a center console " 'generally serve[d] the same function as clothing pockets' " because, "[l]ike a pocket, the center console is commonly used to hold money, a cellular telephone, and personal hygiene items."[8] The court explained that

[u]nlike a briefcase, which can be placed in the trunk or otherwise made inaccessible to the driver, the center console is permanently located directly next to the driver. Unless the console is locked, we can see no reason why a driver would have a greater expectation of privacy in the center console than in his or her purse or wallet."[9]

Lyons argues that a glove box is not like a center console because it is not positioned directly next to the person, and reaching into the glove box while one is driving is not only "difficult and awkward, but also much more dangerous."

---

**2.** 816 P.2d 907 (Alaska App.1991).

**3.** *Erickson v. State*, 507 P.2d 508, 515 (Alaska 1973) (quoting *Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685, 694 (1969) and citing *McCoy v. State*, 491 P.2d 127 (Alaska 1971)).

**4.** *Crawford v. State*, 138 P.3d 254, 259 (Alaska 2006) (citing *Hinkel v. Anchorage*, 618 P.2d 1069, 1071 (Alaska 1980)).

**5.** 138 P.3d 254.

**6.** *Id.* at 256.

**7.** *Id.* at 256, 262.

**8.** *Id.* at 260 (citing *Hinkel*, 618 P.2d at 1071).

**9.** *Id.*

Although a glove box is normally not positioned as close to a driver as is a center console, not all vehicles have center consoles, and a glove box is normally accessible to a driver. Furthermore, a glove box has a functional utility similar to a compartment in a center console. Like the center console addressed in *Crawford,* a glove box can hold money, a cellular telephone, personal hygiene items or, as in this case, a firearm capable of being concealed on one's person.

 We hold that the police are authorized to search an unlocked glove box incident to a driver's arrest if the driver is arrested in the vehicle or immediately upon exiting the vehicle. Accordingly, we uphold the superior court's ruling denying Lyons's motion to suppress. Because we affirm the superior court on this basis, we do not address the other arguments of the parties.

*Conclusion*

The judgment of the superior court is AFFIRMED.